IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS D. MOORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CR-870-SMY-SCW |
| | ) |
| **CHARLES H. STEGMEYER,** | ) |
| **MARIANNE HANNIGAN, and** | ) |
| **STEGMEYER & STEGMEYER L.T.D.** | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). In this action, Plaintiff alleges breach of contract and violations of several Illinois state statutes against his former attorneys, Charles Harley Stegmeyer, Marianne Hannigan, and the law firm Stegmeyer & Stegmeyer L.T.D. (Doc. 2). Plaintiff asserts that this Court has jurisdiction based on a federal question. However, Plaintiff has failed to properly plead federal question jurisdiction.

Pursuant to 28 U.S.C. § 1331, federal district courts may assert jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. The well-pleaded complaint doctrine states that federal question jurisdiction is present where the face of the complaint alleges a violation of federal law. *Caterpillar Inc. v. Williams,* 482 U .S. 386, 392 (1987). To establish federal question jurisdiction in this case, Plaintiff must show either: (1) that a federal statute grants the court jurisdiction; or (2) that there is common law jurisdiction to a "uniquely federal

interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1426–27 (7th Cir.1992).

In his Complaint, Plaintiff alleges that on July 7, 2014, he retained the Defendants to represent him in five felony cases in Madison County, Illinois. After coming to an agreement on a flat fee of $7,500.00, Plaintiff signed a power of attorney so Defendants could utilize his debit card to make payment withdrawals directly from his account. Plaintiff paid a down payment in the amount of $2,455.00. Thereafter, $491.00 per month was taken out of his account to pay the Defendants.

Plaintiff alleges that in December 2014, Defendant Stegmeyer was suspended from the practice of law for 60 days. However, Plaintiff was never notified of the suspension. Despite his suspension, Defendants allegedly continued withdrawing legal fees out of Plaintiff's account. Plaintiff alleges that Defendants committed fraud and deception in violation of 720 ILCS 5/17-10.5 and 720 ILCS 5/16-1. Plaintiff seeks compensatory damages, punitive damages, and requests Defendants receive reprimands from the Illinois Bar.

None of Plaintiff's complaint allegations implicate a federal statute or a provision of the United States Constitution. Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**